IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:21-cr-454-ECM |
| | ) | |
| XIAOQIN YAN | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the *pro se* motion to quash (doc. 152) filed by third party witness, Justin Pettit, filed on June 6, 2023. The Defendant served a trial subpoena on Mr. Pettit to appear and testify at the trial of this matter on June 7, 2023. The witness seeks to quash the subpoena based on his health. Federal Rule of Criminal Procedure 17(c)(2) confers discretion on the Court to quash a subpoena if compliance would be "unreasonable or oppressive." The subpoena in this case is not unreasonable or oppressive. While the Court recognizes the witness' reluctance to testify, "[t]he Sixth Amendment explicitly confers upon every defendant in a criminal trial the right . . . to have compulsory process for obtaining witnesses in her favor." *United States v. Nixon*, 418 U.S. 683, 711 (1974) (internal quotations omitted and alterations added). *See also United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004).

"[A] defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense." *Hurn*, 368 F.3d at 1363. "A defendant's right to a fair trial is violated when the evidence excluded is material in the sense of a crucial, critical, highly significant factor." *Id*. This includes evidence applicable to "directly proving the existence of an element of an

affirmative defense." *Id*. at 1364. The Defendant asserts that the testimony of this witness is critical to her defense. Thus, the Court concludes that the Defendant's right to compel the witness's testimony at trial surpasses the witness's reluctance to testify. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the non-party witness' motion to quash (doc. 152) is DENIED. The witness is DIRECTED to comply with the subpoena served on him. The Clerk of the Court is DIRECTED to email a copy of this order to the movant.

Done this the 6th day of June, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE