IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:21-cr-454-ECM |
| | ) | [WO] |
| XIAOQIN YAN | ) | |

**O R D E R**

Before the Court is Defendant Xiaoqin Yan's objections to her sentence and the judgment (doc. 208) filed on March 28, 2024. On March 21, 2024, the Court sentenced the Defendant to 102 months' imprisonment, which is reflected in the Court's written judgment dated March 27, 2024, (doc. 206). For the reasons set forth below, the Court finds that the objections are due to be overruled.

The Defendant's first objection is that the Court improperly granted an upward variance because, according to the Defendant, the Government only sought an upward departure and "never requested an upward variance even in an alternative argument." (Doc. 208 at 2). The Defendant's assertion that the Government did not request an upward variance in the alternative is not supported by the record. First, in the Government's written motion for an upward departure, the Government did request—albeit in a footnote—that the Court "[a]lternatively . . . vary upward based on the [18 U.S.C.] § 3553(a) factors and sentence Defendant to a term of imprisonment of 175 months." (Doc. 177 at 3 n.2). Second, at the sentencing hearing, the Government reiterated that it was seeking an upward variance in the alternative and further argued that the Court should consider all the arguments and evidence under the § 3553(a) factors. For these reasons

alone, the Defendant's objection is due to be overruled. Additionally, the United States Supreme Court has held that, although prior notice is required before a court imposes an upward departure, such notice is not necessary for a court to impose an upward variance. *See Irizarry v. United States*, 553 U.S. 708, 716 (2008); *United States v. Plasencia*, 886 F.3d 1336, 1344–45 (11th Cir. 2018) (making this observation about *Irizarry*). Thus, even if the Defendant did not have prior notice of the possibility that an upward variance may be imposed, the Court acted within its authority in imposing an upward variance in this case. For these reasons, the Defendant's objection is due to be overruled.

The Defendant's second objection is that the Court imposed an unreasonable sentence. The Defendant argues that the Court failed to consider the Defendant's mitigation evidence, including, among other things, evidence of her mental health issues. As the Court stated on the record at the sentencing hearing in ruling on the Government's motion for an upward departure or alternatively an upward variance, and in imposing the sentence, the Court did consider all the evidence presented—including the Defendant's evidence concerning her mental health and all other mitigation evidence—in determining an appropriate sentence. And as the Court also stated on the record, the Defendant's mitigation evidence persuaded the Court not to vary upward further as requested by the Government and instead to impose a sentence of 102 months, which is closer to the Defendant's requested sentence of 60–71 months than the Government's requested sentence of 175 months. Consequently, for the reasons stated herein and stated in further detail on the record at the sentencing hearing, the Defendant's objection to the reasonableness of her sentence is due to overruled.

Accordingly, upon consideration of the objections, and for good cause, it is

ORDERED that the Defendant's objections (doc. 208) are OVERRULED.

Done this 29th day of March, 2024.

          /s/ Emily C. Marks
         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE